IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

PATRICK DOTSON,

           Plaintiff,

v.                                            CIVIL ACTION NO.   3:22-0219

GEORGE CAMPBELL DISTRIBUTORS, INC.,
a Kentucky Corporation,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Summary Judgment. ECF No. 15. For the following reasons, the Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff Patrick Dotson is a resident of Wayne County, West Virginia. Compl. ¶ 1, ECF No. 1-1. Defendant George Campbell Distributors, Inc. ("GCD") is a Kentucky corporation with its principal place of business in Pikeville, Kentucky. *Id*. ¶ 2. Mr. Dotson was employed by GCD as a "route salesman" when he fell while making a delivery at a Wal-Mart store in Wayne, West Virginia, on August 10, 2020. *Id*. ¶¶ 3-4. Mr. Dotson allegedly injured his left shoulder and left knee in this incident. *Id*. ¶ 5. He filed a worker's compensation claim in Kentucky. *Id*. ¶ 6. Mr. Dotson underwent shoulder surgery in January 2021 and was released to return to work from this surgery on June 29, 2021. *Id*. ¶ 8. However, on July 1, 2021, Mr. Dotson underwent a second

surgery for his knee. *Id*. He was not yet cleared to return to work when GCD terminated his employment on July 6, 2021. *Id*. ¶¶ 7-8.

On February 11, 2022, Mr. Dotson filed suit against his former employer in the Circuit Court of Wayne County, West Virginia. *See id*. On May 6, 2022, Defendant removed the case to this Court. In his Complaint, Mr. Dotson alleges that his employment was terminated in retaliation for his filing of the worker's compensation claim, in violation of Kentucky Revised Statutes, Section 342.197. *Id*. ¶¶ 14-15. In the instant Motion for Summary Judgment, Defendant argues that Plaintiff's claim fails as a matter of law because at the time of his termination, he was unable to work and could not provide a return-to-work date. Mot. for Summ. J. at 1, ECF No. 15. In Response,[1] Mr. Dotson has asserted that the court lacks subject matter jurisdiction to hear the case, which should be remanded accordingly. Pl.'s Resp. to Def.'s Mot. for Summ. J. at 1-2, ECF No. 16. Defendant replied, ECF No. 20, and the matter is now ripe for this Court's adjudication.

## II. LEGAL STANDARD

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

---

[1] The Court permitted Mr. Dotson to file his response out-of-time. *See* ECF Nos. 17, 19, & 21.

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

**A. Jurisdictional Arguments**

As a preliminary matter, the Court finds that it has jurisdiction to hear this case.

While Mr. Dotson has filed a nominal Response, that Response does not address any of the arguments raised in the Motion for Summary Judgment. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. Rather, it asserts that this case was improperly removed and should be remanded to the Circuit Court of Wayne County, West Virginia, citing 28 U.S.C. § 1445(c).[2] *Id*. Further, the Response argues that the Court lacks subject matter jurisdiction, due to the case or controversy arising under state worker's compensation statutes. *Id*. at 1-2.

---

[2] While the Response states that the case was removed "pursuant to 28 U.S.C. § 1445(c)," the Court interprets this as an argument that it was removed in violation of § 1445(c), which states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." For the reasons articulated below, the Court finds that it need not analyze how this provision applies to a case, such as this one, in which a plaintiff brings a worker's compensation-based case arising under the laws of *another* state in state court. *See* Compl. ¶¶ 14-15 (bringing suit under Kentucky law in a West Virginia court). However, the Court notes that the plain language of § 1445(c) indicates it would not apply to such a case.

Mr. Dotson is mistaken for several reasons. First, he has waived the right to seek remand under the cited provision. *See* § 1447(c) (requiring a motion to remand based on any defect other than lack of subject matter jurisdiction be filed within 30 days of the notice of removal). Remand under § 1445(c) remand is based on a defect in removal procedure and therefore subject to the 30-day limitation in § 1447(c). Here, removal occurred on May 6, 2022. ECF No. 1. Plaintiff filed his Response requesting remand on January 5, 2023—214 days too late. *See* ECF No. 16.

Moreover, the Court has subject matter jurisdiction based on the diversity of citizenship of the parties and damages alleged in excess of the statutory requirement of $75,000. 28 U.S.C. § 1332(a); *see* Compl. ¶¶ 1-2 (alleging diverse citizenship of the parties); ¶¶ 12-13 (alleging lost wages of $52,000 per year); ¶ 17 (seeking additional damages based on "aggravation, inconvenience, annoyance, and mental anguish" as well as "attorney fees, litigation costs, and … medical expenses"). Accordingly, Plaintiff's argument that the case or controversy does not arise under federal law is misplaced, and the Court finds that it has subject matter jurisdiction.

**B. Choice of Law**

Generally, when a Federal Court sits in diversity jurisdiction, it applies the choice of law rules from the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). However, for worker's compensation cases, federal courts are commanded to employ a balancing of governmental interests approach to determine what law should apply. *Carroll v. Lanza*, 349 U.S. 408, 419 (1955) (Frankfurter, J., dissenting); *see* 63 W. Va. Op. Atty. Gen. No. 35, 1990 WL 596842, at *3-4. "Relevant considerations include: (1) the place of the employment contract; (2) the residence of the parties; (3) the place of injury; (4) the possibility of the workman becoming a public charge in the state seeking to award compensation; (5) the policy of prompt payment of medical fees; (6) the policy of determinate liability and prompt remedy underlying all

workers' compensation statutes; and (7) the state's interest in the bodily safety and economic protection of its workers." 1990 WL 596842, at *4 (adopting Justice Frankfurter's approach); *see also Kelly v. Guyon Gen. Piping, Inc.*, 882 F.2d 108 (4th Cir. 1989) (balancing state governmental interests with regards to workers' compensation statute and tort law, and discussing comity).

Both parties agree that Kentucky law should apply to the case. *See* Compl. ¶ 16; Mot. for Summ. J. at 6. The Court agrees. GCD is a Kentucky corporation based in Kentucky. Compl. ¶ 2. It appears, therefore, that Mr. Dotson's employment contract was in Kentucky, despite his travels within West Virginia on behalf of GCD. Further, Mr. Dotson filed his worker's compensation claim in Kentucky under Kentucky law and brings this action under a Kentucky statutory provision. *Id.* ¶¶ 6, 14. In fact, Kentucky has already adjudicated the underlying worker's compensation claim, thus demonstrating its prompt resolution of the case, determination of liability, and interest in the payment of Mr. Dotson's medical expenditures. *See* Mot. for Summ. J. at Ex. D, "Agreement as to Compensation and Order Approving Settlement," ECF No. 15-4. While as a resident of West Virginia Mr. Dotson is unlikely to become a public charge of Kentucky, the Court finds that this factor does not outweigh the overwhelming support for applying Kentucky law to Mr. Dotson's claim.

Accordingly, the Court finds that Kentucky has a greater interest in the contested claim, and its analysis below applies Kentucky law.

**C. Evidence of Retaliation**

Mr. Dotson has brought suit under Kentucky Revised Statutes § 342.197, which states that "[n]o employee shall be harassed, coerced, discharged, or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under [the worker's compensation] chapter." To establish a claim under this provision, an employee must show that "(1) he engaged in a protected

activity; (2) the defendant knew that the plaintiff had done so; (3) adverse employment action was taken; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Benningfield v. Fields*, 584 S.W.3d 731, 738 (Ky. 2019) (quoting *Dollar Gen. Partners v. Upchurch*, 214 S.W.3d 910, 915 (Ky. Ct. App. 2006)). If the employee can establish this prima facie case, "the burden then shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse employment action." *Id*. (citing *Upchurch*, 214 S.W.3d at 916) (internal quotation marks omitted). Under this burden-shifting framework, the plaintiff must then demonstrate that the alleged non-retaliatory reason is "nothing by a pretext for retaliation." *Witham v. Intown Suites Louisville Ne., LLC*, 815 F.3d 260, 263 (6th Cir. 2016). The employee "retains the ultimate burden to persuade the jury that the workers' compensation claim was a substantial and motivating factor but for which the employee would not have been discharged." *Id*. (quoting *First Prop. Mgmt. v. Zarebidaki*, 867 S.W.2d 185, 188 (Ky. 1993)) (internal quotation marks omitted).

The parties do not dispute that plaintiff previously filed a worker's compensation claim under the relevant chapter. *See* Compl. ¶ 6; Mot. for Summ. J. at 2, 4, Ex. D. Nor do they dispute that Defendant was aware of Mr. Dotson's claim, or that he was terminated. *See* Mot. for Summ. J. at 4, 8. However, GCD asserts that Mr. Dotson has not met his burden of demonstrating a prima facie case of retaliation, as "there is no genuine issue of material fact that at the time [GCD] terminated his employment, Plaintiff was unable to work and could not provide [GCD] any information about how long he may be unable to work or perform the essential functions of his job." Mot. for Summ. J. at 4. Defendant asserts that this reason for termination indicates that Plaintiff cannot meet the fourth criteria to prove a prima facie retaliation case, as there is no causal

connection between GCD's knowledge of Mr. Dotson's workers' compensation claim and the adverse employment action taken against him. *Id*. at 7-9.

As Plaintiff has not responded to these arguments, the Court must rely upon the Complaint and the exhibits attached by Defendant to its Motion to determine whether GCD has demonstrated a lack of causal connection between the workers' compensation claim and Mr. Dotson's termination, such that Defendant is entitled to judgment as a matter of law. Mr. Dotson was terminated on July 6, 2021. Compl. ¶ 7; Mot. for Summ. J. at 8. At that point in time, he was recovering from knee surgery. Compl. ¶ 8; Mot. for Summ. J. at 8. Mr. Dotson admits that as of July 6, 2021, he would not be physically capable of performing his job for GCD. *Id*., Ex. B. at 4, 15 (stating he was not cleared to return to work post-surgery until July 2022), ECF No. 15-2; Ex. C., Dep. Dotson at 142 (stating that he would be incapable of lifting the amount of weight GCD required), ECF No. 15-3. GCD avers that Mr. Dotson's admitted inability to perform his job was the cause of his termination. Mot. for Summ. J. at 3. Under Kentucky law, an employee's inability to perform their job is a valid non-discriminatory reason for terminating employment. *Southerland v. Hardaway Mgmt. Co.*, Inc., 41 F.3d 250, 256 (6th Cir. 1994); *Wymer v. JH Props., Inc.*, 50 S.W.3d 195, 199-200 (Ky. 2001). Mr. Dotson's Response does not mention, let alone refute, these arguments. Accordingly, GCD has proffered an undisputed non-discriminatory reason for its termination of Mr. Dotson, which precludes Mr. Dotson from demonstrating retaliation under § 342.197. *See Benningfield*, 584 S.W.3d at 738.

There appears to be a factual dispute as to why Mr. Dotson needed knee surgery. *See* Mot. for Summ. J. at 2 (stating Mr. Dotson received surgery due to 25-years of chronic knee problems); Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2 (stating that the surgery was due to new knee complications caused by the August 10, 2020 incident). However, the Court finds that this is not a

material factual dispute which would preclude summary judgment. Regardless of why Mr. Dotson needed knee surgery, it is undisputed that the surgery rendered him incapable of performing his job for GCD as of July 6, 2021.

Accordingly, the Court finds that there is no disputed issue of material fact and that Defendant is entitled to judgment as a matter of law. It is a shame for Mr. Dotson that he has neither demonstrated to the Court a causal connection between his claim and his termination, nor that GCD's reason for termination is pretextual. Regardless, Mr. Dotson has not offered a "scintilla of evidence" in support of his position. *See Anderson*, 477 U.S. at 252. Therefore, the Court finds that Mr. Dotson has not met his burden of proof, and **GRANTS** summary judgment to the Defendant.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. ECF No. 15. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 12, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE